FILED
JUN 15 2009
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAURICE CEASAR,

    Plaintiff,

v.                               Civil Action No. 09-0855

D.C. DEPARTMENT
OF CORRECTIONS, *et al.*,

    Defendants.

## MEMORANDUM OPINION

This matter is before the Court on initial review of plaintiff's application to proceed *in forma pauperis*, *pro se* complaint, his "Motion to Amend Update Additional Grounds Base [sic] on D.C. DOC Records Connection with FCI Pursuant to Federal Civil Procedure Rule (59)/Rule 15" and "Motion to Show Scale Chart Calculation Accuracy, When Jail Time Credit Should Begin 5-17-2006 to 1-10-2007; That (BOP) DSSC Will Not Show On Their (Date Computation Began Data) On DSC Sheet Instead Wrongful 4-9-2007 Date."

It appears that plaintiff is challenging the calculation of his prison sentence. He argues that he already has served a 90-day sentence imposed by the Superior Court of the District of Columbia, such that he will have completed service of his sentence earlier than the projected release date reflected in Federal Bureau of Prisons records. This and other claims are substantially similar to those raised in a separate civil action which has been transferred to the United States District Court for the Middle District of Pennsylvania. *See Ceasar v. Obebe*, Civ. No. 09-609 (UNA), (D.D.C. Apr. 2, 2009) (Transfer Order). The named defendants in the instant civil action are among the defendants named in the civil action transferred to the Middle District



of Pennsylvania.

In addition to the civil rights claims plaintiff purports to bring under 42 U.S.C. § 1983, at least some of his claims sound in habeas. The proper respondent in a habeas corpus action is the petitioner's warden. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988)). Because plaintiff currently is incarcerated at the Schuylkill Federal Correctional Institution in Minersville, Pennsylvania, this district is not the proper forum for the adjudication of his habeas claims. *Stokes v. United States Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004) ("[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction.").

In the interests of justice and judicial economy, the Court will transfer this action to the United States District Court for the Middle District of Pennsylvania. An Order accompanies this Memorandum Opinion.

/s/
United States District Judge

DATE: 6/5/09